UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **EDWIN A. PALMA DIAZ, Plaintiff** <br><br> v. <br><br> **VALDEZ TREE SERVICE, LLC and** <br><br> **FRANCISCO VALDEZ d/b/a VALDEZ TREE SERVICE,** <br><br> **Defendants** | Case No. |

**COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES FOR
VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,
ARKANSAS MINIMUM WAGE ACT, AND MISSOURI MINIMUM WAGE LAW**

Plaintiff Edwin A. Palma Diaz, by and through his attorney, Kevin De Liban, Legal Aid of Arkansas, states the following in support of his Complaint against the Defendants Francisco Valdez and Valdez Tree Service, LLC (collectively, "Defendants"):

**I. INTRODUCTION**

1.  Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201 *et seq*., the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500 *et seq*., as well as unpaid promised wages and unjust enrichment under common law.

2.  Plaintiff worked for Defendants from June 5, 2017 through August 5, 2017. Throughout his employment for Defendants, Plaintiff performed work associated with Defendants' landscaping business. Although Plaintiff regularly worked approximately seventy-

two (72) hours per week, Defendants failed to pay Plaintiff for all hours worked or any overtime wages.

3. Defendants failed to compensate Plaintiff for worked performed throughout his employment. Plaintiff now seeks his unpaid overtime wages, minimum wages, promised wages, liquidated damages, pre-judgment and post-judgment interest, declaratory relief, and reasonable attorney's fees and costs.

## II. PARTIES

4. Plaintiff performed work for Defendants in Benton County, Arkansas as well as other parts of Northwest Arkansas, Southwest Missouri, and Northeast Oklahoma throughout his employment by Defendants.

5. Valdez Tree Service, LLC ("Valdez Tree Service") is an Arkansas limited liability corporation. Eugene T. Kelley is Valdez Tree Service's appointed agent to receive service of process at 303 West Walnut Street, Rogers, Arkansas 72756.

6. Valdez Tree Service is a landscaping business that offered various landscaping services to private individuals and business facilities during Plaintiff's employment, including trimming of trees and bushes, dead wood removal, stump grinding, and clearing other natural debris.

7. Upon information and belief, Francisco Valdez, doing business as Valdez Tree Service, is the sole owner and member of Valdez Tree Service.

8. Upon information and belief, Francisco Valdez resides at 327 Pendergraft Road, Noel, Missouri 64854.

9. Francisco Valdez acted as an agent for Valdez Tree Service at all times before and during Plaintiff's employment.

10. On behalf of Defendants, Francisco Valdez hired and fired Plaintiff, set his pay rate, pay schedule, work schedule, and job duties.

11. Upon information and belief, Defendants employed at least two employees and had an annual gross volume of business done not less than five hundred thousand dollars ($500,000) during the year of Plaintiff's employment.

12. Defendants routinely engaged in interstate commerce through the provision of landscaping services in Arkansas, Missouri, and Oklahoma.

13. While acting as Defendants' employee, Plaintiff engaged in interstate commerce by providing Defendants' landscaping services in Arkansas, Missouri, and Oklahoma and moving the tools required to perform such services across state lines.

### III. JURISDICTION AND VENUE

14. This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1331 because the action presents federal questions.

15. This Court has supplemental jurisdiction over the state law claims alleged herein because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367.

16. This Court has jurisdiction to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

17. Venue is proper in the Western District of Arkansas pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this judicial district.

### IV. STATEMENT OF FACTS

18. In early June 2017, Francisco Valdez and Plaintiff entered into an oral agreement whereby Defendants agreed to pay Plaintiff to perform landscaping work for Defendants.

19. Francisco Valdez offered to pay Plaintiff at a rate of seventeen dollars ($17.00) per hour of work that Plaintiff performed for Defendants.

20. Francisco Valdez told Plaintiff that a typical workday would consist of eight (8) hours of work, and Francisco Valdez told Plaintiff that the employees would be given a break for lunch each day.

21. Francisco Valdez told Plaintiff that he would rarely be required to work more than eight (8) hours per day.

22. Plaintiff accepted Defendants' offer and performed work for them in reliance on it.

23. As a condition of employment, Francisco Valdez required Plaintiff and other employees to sign a written document stating that each employee would only be paid for eight (8) hours of work per day, regardless of the actual number of hours the employee worked. Plaintiff did not have the option to decline to sign this document.

24. Plaintiff began performing work for Defendants on June 5, 2017.

25. At the start of each workday, Defendants required Plaintiff to arrive at Francisco Valdez's residence in Noel, Missouri prior to 7:00 a.m.

26. Francisco Valdez's residence served as the home office for Valdez Tree Service.

27. Plaintiff began performing work for Defendants at 7:00 a.m. on each workday throughout his employment for Defendants.

28. During each workday, Plaintiff and his coworkers traveled to job sites to perform work associated with Defendants' landscaping business.

29. Prior to leaving for the job sites, Defendants required Plaintiff and his coworkers to prepare and load equipment at Francisco Valdez's residence, including, but not limited to, saws, gas, oil, trimmers, and handheld tools.

30. This equipment was manufactured outside of Missouri, Arkansas, and Oklahoma, and the equipment was moved in the stream of commerce to Missouri, Arkansas, and Oklahoma when acquired by Defendants.

31. This equipment was handled by Plaintiff and at least one other coworker during each week of Plaintiff's employment.

32. Throughout his employment, Plaintiff and his coworkers handled goods and materials that were produced for and moved in interstate commerce, including saws, trimmers, and other tools.

33. Defendants furnished all equipment, supplies, vehicles, and fuel used by Plaintiff and his coworkers to perform their work.

34. Once the equipment was loaded into the vehicles by Plaintiff and his coworkers, Defendants' employees would depart for a job site.

35. From Francisco Valdez's residence, Plaintiff and his coworkers traveled to job sites specified by Francisco Valdez.

36. These job sites were primarily located in Northwest Arkansas and, on occasion, Northeast Oklahoma and Southwest Missouri.

37. Plaintiff and at least two coworkers transported equipment and supplies to job sites each day that they worked.

38. Upon arrival at the home or business of Defendants' customers, Plaintiff and his coworkers performed landscaping tasks including trimming of trees and bushes, topping, dead

wood removal, clearing small trees, stump grinding, and clearing other natural debris. The work Plaintiff performed was not connected in any way to lumber mills or forestry activities.

39. Francisco Valdez would accompany Plaintiff and the other employees to each job site, and Francisco Valdez instructed Plaintiff and the other employees what work was to be performed at each site.

40. Plaintiff often performed work for Defendants at multiple job sites throughout the day as directed by Francisco Valdez.

41. Francisco Valdez would not allow Plaintiff and the other employees to have breaks during the workday. The employees were even required to perform work without taking a lunch break.

42. After they finished performing work at the final job site each day, Plaintiff and his coworkers returned to Francisco Valdez's residence (and Defendants' place of business) to unload Defendants' equipment.

43. During each workday, Defendants' employees were required to work until 7:00 p.m. or later to finish unloading Defendants' equipment.

44. Plaintiff finished performing work for Defendants at 7:00 p.m. or later each workday of his employment for Defendants.

45. Plaintiff worked for six (6) days each workweek, Monday through Saturday, throughout the period of Plaintiff's employment for Defendants.

46. Throughout his employment for Defendants, Plaintiff performed approximately twelve (12) hours of work during each workday.

47. Throughout his employment for Defendants, Plaintiff performed approximately seventy-two (72) hours of work during each workweek.

48. At the end of each workweek, Plaintiff received a paycheck from Francisco Valdez. Each paycheck contained payment for work performed during the preceding week, and the paychecks were given on the first Monday after each workweek that the work was performed.

49. In each paycheck, Defendants paid Plaintiff for only forty-eight (48) hours of work performed during that workweek. Defendants paid Plaintiff at a rate of seventeen dollars ($17) per hour for each of those forty-eight (48) hours.

50. Even though Plaintiff performed over eight (8) hours of work during each workday, Defendants paid Plaintiff for only eight (8) hours of work per day during each week that Plaintiff was employed by Defendants.

51. Defendants failed to pay overtime compensation for work performed by Plaintiff in excess of forty (40) hours in a workweek for each week that Plaintiff was employed by Defendants.

52. During each workweek of his employment for Defendants, Plaintiff performed approximately thirty-two (32) hours of overtime work.

53. After each workweek of Plaintiff's employment, Defendants failed to pay Plaintiff any wages at all for approximately twenty-four (24) hours of the thirty-two (32) hours of overtime work that Plaintiff performed for Defendants during that workweek.

54. After each workweek of Plaintiff's employment, Defendants paid Plaintiff only the standard rate of pay for eight (8) hours of the thirty-two (32) hours of overtime work, depriving Plaintiff of the overtime rate owed.

55. After Plaintiff received his first week's paycheck on or about June 12, 2017, he notified Francisco Valdez that the paycheck did not contain payment for all hours worked by

Plaintiff or overtime compensation for hours worked in excess of forty (40) hours that workweek.

56. Even after being notified of the incorrect amount of Plaintiff's payment, Defendants refused to pay Plaintiff the proper amount of wages for worked performed by Plaintiff.

57. Throughout the course of Plaintiff's employment, Defendants had knowledge of the legal requirements to pay employees for all hours worked as well as overtime compensation.

58. Because Defendants failed to pay proper wages to other employees in the past, one former employee filed a lawsuit against Defendants in this Court on January 22, 2016. *See Cesar Hernandez v. Valdez Tree Service, LLC, et al.*, Case No. 5:16-cv-05016 (W.D. Ark.). Defendants received notice of this lawsuit over a year before the beginning of Plaintiff's employment for Defendants.

59. Because Defendants had actual knowledge of the legal requirements to pay employees for all hours worked as well as overtime compensation, Defendants willfully deprived Plaintiff of his proper compensation for worked performed.

60. Plaintiff terminated his employment with Defendants after nine (9) total weeks of employment.

61. Plaintiff terminated his employment with Defendants because Plaintiff was not properly paid for all work that he performed.

62. Plaintiff's final day of employment for Defendants was on August 5, 2017.

63. Based on information and belief, Plaintiff is presently owed overtime compensation for a total of 288 hours. Of these 288 hours, Plaintiff has been paid his standard rate for 72 hours and nothing for 216 hours.

## COUNT 1: VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)

64. Plaintiff hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

65. Defendants were an "employer" of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d).

66. Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e).

67. Throughout the course of Plaintiff's employment, Defendants were an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1).

68. Throughout the course of Plaintiff's employment, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" as defined by the FLSA, 29 U.S.C. § 203(s)(1), because they: (a) had employees engaged in commerce or in the production of goods for interstate commerce and/or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person; and (b) have had an annual gross volume of sales made or business done not less than five hundred thousand dollars ($500,000).

69. The FLSA requires covered employers like Defendants to pay employees like Plaintiff no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek pursuant to 29 U.S.C. § 207.

70. Plaintiff regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate Plaintiff for his overtime hours as required by the FLSA.

71. By failing to pay Plaintiff his overtime wages for all hours of work, Defendants violated 29 U.S.C. § 207.

72. Plaintiff seeks his unpaid overtime wages, an equal amount in liquidated damages, and reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT 2: VIOLATION OF THEARKANSAS MINIMUM WAGE ACT (AMWA)**

73. Plaintiff hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

74. Defendants were an "employer" of Plaintiff as defined by the AMWA, Ark. Code Ann. § 11-4-203(4).

75. Plaintiff was an "employee" of Defendants as defined by the AMWA, Ark. Code Ann. § 11-4-203(3).

76. At all times relevant hereto, Defendants employed more than four (4) employees within the meaning of Ark. Code Ann. § 11-4-203(4)(B).

77. Plaintiff performed work for Defendants in Arkansas throughout the course of Plaintiff's employment.

78. The AMWA requires covered employers like Defendants to pay employees like Plaintiff no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek pursuant to Ark. Code Ann. § 11-4-211.

79. Plaintiff regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate Plaintiff for his overtime hours as required by the AMWA.

80. By failing to pay Plaintiff's overtime wages for work that he performed in Arkansas, Defendants violated Ark. Code Ann. § 11-4-211.

81. Plaintiff seeks his unpaid overtime wages, an equal amount in liquidated damages and reasonable attorney's fees and costs pursuant to Ark. Code Ann. § 11-4-218(a).

### COUNT 3: VIOLATION OF THE MISSOURI MINIMUM WAGE LAW (MMWL)

82. Plaintiff hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

83. Defendants were an "employer" of Plaintiff as defined by the MMWL, Mo. Rev. Stat. § 290.500(4).

84. Plaintiff was an "employee" of Defendants as defined by the MMWL, Mo. Rev. Stat. § 290.500(3)

85. Plaintiff performed work for Defendants in Missouri during the course of Plaintiff's employment.

86. The MMWL requires covered employers like Defendants to pay employees like Plaintiff no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek pursuant to Mo. Rev. Stat. § 290.505.

87. Plaintiff regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate Plaintiff for his overtime hours as required by the MMWL.

88. By failing to pay Plaintiff's overtime wages for work that he performed in Missouri, Defendants violated Mo. Rev. Stat. § 290.505.

89. Plaintiff seeks his unpaid overtime wages, an equal amount in liquidated damages and reasonable attorney's fees and costs pursuant to Mo. Rev. Stat. § 290.527.

### COUNT 4: BREACH OF CONTRACT

90. Plaintiff hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

91. Plaintiff entered into an oral contract with Defendants.

92. This contract required Plaintiff to perform work in exchange for wages promised by Defendants.

93. Francisco Valdez acted as an agent for Valdez Tree Service at all times during Plaintiff's employment by Defendants.

94. Francisco Valdez promised wages in an amount of seventeen dollars ($17) per hour of work performed by Plaintiff.

95. In reliance on Defendants' promises, Plaintiff performed landscaping services and other work obligations for Defendants under the oral contract.

96. Defendants failed to fulfill their obligations under the oral contract by not paying Plaintiff wages for all hours worked.

97. Plaintiff sustained damages as a result of Defendants' breach in the amount of his unpaid promised wages.

## COUNT 5: PROMISSORY ESTOPPEL

98. Plaintiff hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

99. Defendants entered into an oral contract with Plaintiff.

100. Plaintiff promised to perform landscaping services and other work for Defendants in exchange for wages promised by Defendants.

101. Based on this promise, Defendants should have reasonably expected Plaintiff to act in reliance thereon.

102. Plaintiff relied on Defendants' promise to pay when he performed work for Defendants.

103. Plaintiff relied on Defendants' promise to his detriment.

104. It would be inequitable to allow Defendants to breach this contract without compensating Plaintiff for the work that he performed, and injustice can only be avoided by enforcement of the promise to pay made by Defendants.

### COUNT 6: UNJUST ENRICHMENT

105. Plaintiff hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

106. By unlawfully receiving value from Plaintiff's labor without providing compensation for all hours worked, Defendants obtained substantial benefits and were thus unjustly enriched at Plaintiff's expense.

107. It would be inequitable for Defendants to retain said economic benefits from Plaintiff's labor without paying their full value to Plaintiff.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial as provided by Fed. R. Civ. P. 38. Plaintiff reserves the right to amend this Complaint, including, but not limited to, additional counts and facts supportive of compensatory damage claims as discovery develops.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the AMWA, the MMWL, and common law.

  B.  An award of unpaid minimum and overtime wages due under the FLSA, the AMWA, and the MMWL.

  C.  An award of liquidated damages as a result of Defendants' failure to pay overtime wages under the FLSA, the AMWA, and the MMWL.

  D.  A compensatory award in the amount of unpaid wages promised by Defendants.

  E.  An equitable award in the amount of Defendants' unjust enrichment by Plaintiff.

  F.  An award of pre-judgment and post-judgment interest.

  G.  An award of costs and expenses associated with this action, together with reasonable attorney's fees.

  H.  All such other and further relief to which Plaintiff is entitled as this Court deems just and proper.

**DATED: May 24, 2019**        Respectfully Submitted,

                  /s/ *Kevin De Liban*
                  Kevin De Liban, Ark. Bar # 2012044
                  Legal Aid of Arkansas
                  310 Mid-Continent Plaza, Suite 420
                  West Memphis, AR 72301
                  (870) 972-9224 ext. 2206
                  (870) 732-6373 (fax)
                  kdeliban@arlegalaid.org